[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR ALIMONY PENDENTE LITE
The defendant has moved for alimony pendente lite in the above matter. The parties have been married for approximately seven years.
The parties' joint income tax returns indicated that their combined adjusted gross income for 1995 was $128,497.00, approximately $91,874.00 of which was earned by the plaintiff (Def. Ex. 1). The parties' joint return for 1996 indicates a combined adjusted gross income of $173,311.00, approximately $151,274.00 of which was earned by the plaintiff (Def. Ex. 2).
The defendant's contribution to the joint income was approximately $38,000.00 in 1995 and approximately $19,000.00 in 1996. CT Page 8431
The defendant had been employed by the UCONN Health Center as a personnel recruiter and left her employment in June 1996 for medical and personal reasons.
Since leaving that employment, the defendant has made a somewhat less than significant effort to obtain new employment. She has a B.S. in elementary education but would need to be recertified in order to teach. She has experience in the area of human resources and limited computer skills.
She has made some inquiry in the area of teaching and human resources, but started that search in earnest only several weeks before hearings regarding temporary alimony and other financial orders in this case. Her search has been limited to telephone inquiries, personal acquaintances and a recently completed resume.
The plaintiff is majority owner of Grenier Osborn Associates, an insurance adjustment business.
In addition to his weekly salary he enjoys bonuses from the company which, to some degree, may account for the very substantial difference between his previous earnings and his most recent financial affidavit which reports his total average net weekly income to be a relatively paultry sum of $502.00 per week. If that figure were to be believed, the plaintiff's annual net income would be approximately $24,000.00. The court finds that to be a less than credible figure.
The plaintiff lists on his financial affidavit 60 shares of Grenier/Osborne Associates, Inc. (the plaintiff's company) which he estimates to be worth $72,000.00.
The plaintiff currently is paying most of the family expenses including mortgage, taxes, day care expenses, food, clothing, medical insurance. The defendant has made no appreciable contribution to support of the parties' minor child, Kristen, age four.
The defendant does not reside in the marital residence, having left in April, 1996. Her financial affidavit lists zero income and weekly expenses to be $475.00. She lists medical/dental expenses to be approximately $208.00 per week. She testified that she suffers from a variety of medical problems including stress, depression and fertility issues. CT Page 8432
On her financial affidavit the defendant lists a certificate of deposit in the amount of $45,000.00, which she describes as a custodial account for the parties' minor child Kristen.
Having considered the statutory criteria set forth in Sections 46b-81, 46b-82 and 46b-84, Connecticut General Statutes, together with the evidence and testimony, the court enters the following orders.
The plaintiff is ordered to pay to the defendant alimony pendente lite in the amount of $225.00 per week and he is to provide medical insurance for the benefit of the plaintiff. That order is predicated upon the continued payment by the plaintiff of the various expenses related to the use and maintenance of the marital residence and the sums expended as support for the minor child. If there is a substantial reduction in those payments by the plaintiff, the defendant can move for modification of alimony pendente lite.
The obligation of $225.00 per week is to be retroactive to the hearing date, June 17, 1997. Consequently, there is an accrued arrearage of $2,625.00, subject to adjustment by way of credit for any alimony payments made since the hearing date. Payment of that arrearage is to be deferred until the final judgment, provided the plaintiff continues to pay the expenses related to the maintenance of the marital residence.
The defendant is ordered to make a bona fide effort to obtain employment commensurate with her educational background and with her past employment. She is to provide counsel for the plaintiff with written reports of her efforts to obtain suitable employment on a monthly basis. The first such report to be made on or before October 1, 1997. Failure by the defendant to make suitable efforts to find employment will result in possible reduction of plaintiff's pendente lite alimony obligation.
Defendant is enjoined from transferring, assigning, spending, pledging or otherwise diminishing the certificate of deposit in the amount of $45,000.00 listed on her June 1997 financial affidavit.
JOSEPH W. DOHERTY, J. CT Page 8433